IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald P. Lampley,                                                    Case No. 3:10CV00711

           Plaintiff

   v.                                                                             ORDER

Terry Davis, et al.,

           Defendant

This is a suit under 42 U.S.C. § 1983 in which plaintiff alleges that the defendant Officer Terry Davis of the Bowling Green, Ohio, Police Department arrested him without probable cause. In addition to Officer Davis, plaintiff sues the City, claiming that Officer Davis's alleged misconduct was in furtherance of municipal policy, and reflected actionable failure to train and supervise.

Pending is defendants' motion for summary judgment. [Doc. 13]. For the reasons that follow, the motion shall be granted.

## Background

Plaintiff and a neighbor, Yvonne Nickell, had an on-going dispute. According to plaintiff's opposition to the pending motion for summary judgment, Ms. Nickell threatened to run him out of the City, County and State. Plaintiff, who suffers mental impairment due to head injuries from an auto accident, claims he believed these threats to be credible.

On March 21, 2009, Ms. Nickell contacted the Bowling Green Police, reporting that plaintiff was trespassing in a neighbor's home and had assaulted her. Officers responding to Ms. Nickell's call told both parties, who live in the same apartment complex, to stay away from each other. The officers issued no citations.

Two days later, on March 23, 2009, at 2:15 p.m., Ms. Nickell called the Police Department. Defendant Davis and his partner, Sgt. Hartman, responded to the call. Ms. Nickell told them that plaintiff had threatened to hit her with an upright vacuum cleaner.

Once again, the officers told the parties to leave one another alone.

At 2:42 p.m., dispatch advised Davis and Hartman that plaintiff had placed a a 911 emergency call from the Wood County Library. The officers returned to the apartment complex and found plaintiff seated outside his apartment. The officers again admonished the disputants to leave one another alone.

According to defendants, Davis and Hartman told plaintiff to call 911 only if confronted by an emergency and his call to 911 was not proper. According to plaintiff, the officers told him to call 911 if there were an emergency.

Davis and Hartman remained nearby at the Bowling Green City Administration Building. From their vantage point, they had a clear view of the plaintiff sitting outside of his apartment. They saw plaintiff quietly sitting outside of apartment for a few moments. Then he walked to the Wood County Public Library, from which, at 2:56 p.m., less than 15 minutes after his first 911 call, he made another 911 emergency call.[1]

Davis and Hartman went to the library and placed plaintiff under arrest for disorderly conduct with persistence.

---

[1] Plaintiff contends a material issue of genuine fact exists as to whether he made one or two 911 calls before being arrested. The defendants have, however, presented conclusive evidentiary proof that plaintiff made two calls. Plaintiff has not presented evidence, aside from his conclusory contention, that he made but one call. A rational trier of fact could only conclude that plaintiff made two calls. In any event, under the circumstances, Officer Davis had probable cause to arrest plaintiff for misuse of the 911 system even if he made only the call that immediately preceded his arrest.

Plaintiff claims that Officer Davis did not have probable cause to arrest him for that offense. For purposes of this decision, I accept that contention *arguendo*.

Defendants argue, however, that Officer Davis had probable cause to arrest the plaintiff for misuse of the 911 system in violation of O.R.C. §§ 4931(D), (E). Section 4931(D) provides that "[n]o person shall knowingly use the telephone number of a 9-1-1 system . . . to report an emergency if the person knows that no emergency exists." Section 4931(E) provides that "[n]o person shall knowingly use a 9-1-1 system for a purpose other than obtaining emergency service."

## Discussion

Though the parties argue other issues, only one is dispositive: namely, whether Officer Davis had probable cause to arrest the plaintiff.

Whether Officer Davis had probable cause is evaluated on an objective, not a subjective basis. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Moreover, even if his belief that he had probable cause to arrest for disorderly conduct was mistaken, that does not matter. If probable cause in fact exists, even if an officer subjectively believes it exists for another offense, an arrest is lawful under the Fourth Amendment. *See*, *e.g.*, *U.S. v. Abdi*, 463 F.3d 547, 558 (6th Cir. 2006) (offense establishing probable cause "need not even be closely related to, or based on the same conduct as, the offense an arresting officer identifies at the time of the arrest." The reason for arresting a defendant is constitutionally irrelevant, so long as an officer possessed facts at the time of arrest that would have furnished probable cause for the arrest.

Plaintiff claims that during their earlier encounters, the officers told him that if he continued to have problems with Ms. Nickell, he should call 911. Even if this is so, it does not matter. What

3

matters is what Officer Davis reasonably believed, based on what he knew and reasonable inferences therefrom, at the time of the arrest.[2]

Probable cause is assessed from the standpoint of a reasonable officer; not from the standpoint of the arrested subject. If later proceedings show that an officer was mistaken, and the offense as to which probable cause existed in fact did not occur, that does not make the officer liable for the initial arrest — provided probable cause for *an* arrest existed at that time.

Probable cause existed here. From the time that the officers left the plaintiff until they arrested him, there was no indication that he was under any threat from Ms. Nickell. It is immaterial whether the officers were unable, as plaintiff contends, to observe the plaintiff continuously for the less than fifteen minutes between their encounter at the apartment and his ensuing call from the library.

Based on what they saw while they were watching the plaintiff and when they encountered him outside the library, they were entirely justified in concluding that no emergency existed, or had existed, sufficient to justify calling 911. But plaintiff had called 911, despite the lack of cause to do so.

The misuse statute is in place for a purpose. Unless the law deters use of the 911 system for non-emergency purposes, its functionality can and will be impaired to the potential detriment of those who need emergency assistance. Even if Officer Davis concluded that he might not have probable cause for misuse of the 911 system, such cause existed. Officer Davis properly arrested the plaintiff, and there is no merit whatsoever to plaintiff's claims against Officer Davis or the City.

---

[2] Even if the plaintiff believed, which simply is not likely, that an emergency existed, that might constitute a defense to misuse of the 911 system. But that belief, even if well-founded, is, at best, a defense to a charge of misuse of the 911 system.

**Conclusion**

In light of the foregoing, it is hereby:

ORDERED THAT defendants' motion for summary judgment [Doc. 13] be, and the same hereby is granted.

So ordered.

/s/James G. Carr
United States District Judge